IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil Case No. 1:23-cv-00277

| | |
|---|---|
| CATHERINE BRICKEY, individually and A/N/F of TIMOTHY DENICOLA, Formerly a Minor, and Txxxxx Bxxxxxx, a minor; and TIMOTHY DENICOLA, Individually<br>　　　　Plaintiffs,<br><br>v.<br><br>SD TRANSPORT INC., JVC ENTERPRISES, LLC, and JAMES MARTIN SANDERS<br>　　　　Defendants. | **AMENDED COMPLAINT** |

**AMENDED COMPLAINT**

Plaintiffs, Catherine Brickey, individually and as next friend of Timothy Denicola, formerly a Minor, and Txxxxx Bxxxxxx, a minor, and Timothy Denicola, individually (hereafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, brings this action against Defendant SD TRANSPORT, INC., Defendant JVC ENTERPRISES, LLC ("Trucking Defendants"), and Defendant JAMES MARTIN SANDERS, and states as follows:

**PARTIES**

1. Plaintiff CATHERINE BRICKEY is an adult resident of Greenville County, South Carolina, with her primary residence at 691 Pennington Road, Fountain Inn, SC 29644.

2. Plaintiff TIMOTHY DENICOLA, a minor at the time of this occurrence, but who is now an adult, is a resident of Greenville County, South Carolina, with his primary residence at 691 Pennington Road, Fountain Inn, SC 29644.

3. Plaintiff Txxxxx Bxxxxxx is a minor in the care of Catherine Brickey and is a resident of Greenville County, South Carolina with her primary residence at 691 Pennington Road, Fountain Inn, SC 29644.

1

4. Defendant SD TRANSPORT, INC. is a corporation registered in Michigan with its principal place of business located at 441 118th Ave., Martin, MI 49070. Defendant SD Transport, Inc.. Defendant SD TRANSPORT, INC. has made an appearance in this matter.

5. Defendant JVC ENTERPRISES LLC is a limited liability corporation registered in Michigan with its principal place of business located at 1142 Electric Avenue, Wayland, MI 49348. Defendant JVC ENTERPRISES LLC has made an appearance in this matter.

6. Defendant JAMES MARTIN SANDERS is a natural person whose residence is located at 425 Johnson Street, Carlotte, MI 48813. Defendant JAMES MARTIN SANDERS has made an appearance in this matter.

## JURSIDICTION AND VENUE

7. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332.

8. There is complete diversity of citizenship between all Plaintiffs and all Defendants in this case.

9. The amount in dispute in this action, exclusive of interest and costs, exceeds the sum of $75,000.

10. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to the claim occur within Buncombe County, North Carolina.

11. Further, venue is proper in this Court, and this Court has jurisdiction over Defendant SD TRANSPORT, INC. and Defendant JVC ENTERPRISES LLC and over Defendant JAMES MARTIN SANDERS because these Defendants were conducting activities within the State of North Carolina, and have established minimum contacts and conducted business activities in the State of North Carolina sufficient to confer jurisdiction over, and the traditional notions of fair play and substantial justice are not offended by jurisdiction

over. Further, jurisdiction over the Defendants is consistent with the constitutional requirements of due process.

**ASSUMED NAMES; AGENTS AND EMPLOYEES**

12. As used herein, Defendants SD TRANSPORT, INC., and Defendant JVC ENTERPRISES LLC. are collectively referred to hereafter as Defendant SD TRUCKING.

13. Plaintiffs are suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as SD TRANSPORT, INC. and as JVC ENTERPRISES, LLC.

14. Whenever it is alleged in this Complaint that any non-natural Defendant such as Defendant SD TRUCKING did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, statutory employees, representatives and/or contractors subject to Defendant SD TRUCKING's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of Defendant SD TRUCKING, and/or such acts or omissions were done in the normal and routine course and scope of employment or agency of Defendant SD TRUCKING's directors, officers, agents, servants, employees, statutory employees, representatives and/or contractors subject to Defendant SD TRUCKING's control, making that Defendant SD TRUCKING responsible and liable for all such conduct.

15. Upon reasonable information and belief, at all relevant times, Defendant JAMES MARTIN SANDERS was an employee, statutory employee, and/or agent of Defendant SD TRUCKING.

16. In committing the acts of in making the omissions alleged herein, Defendant JAMES MARTIN SANDERS acted in the course and scope of his agency and/or employment with and/or as a statutory employee of Defendant SD TRUCKING and was acting for the benefit of and with the consent, permission, authorization and knowledge of Defendant SD TRUCKING.

17. Therefore, Plaintiffs invoke the doctrine of *respondeat superior*.

## STATEMENT OF FACTS

18. This is an action arising out of a motor vehicle collision that occurred on or about September 5, 2020, near mile marker 35 near Asheville, Buncombe County, North Carolina.

19. At the time of the collision, CATHERINE BRICKEY was operating her 2020 Subaru with TIMOTHY DENICOLA and Txxxxx Bxxxxxx, a minor, as passengers

20. At the time of the collision, CATHERINE BRICKEY's vehicle had been at a complete stop when it was hit in the rear.

21. At the time of the collision, Defendant JAMES MARTIN SANDERS 2013 was operating a Freightliner 18-wheeler for Defendant SD TRUCKING,

22. Defendant JAMES MARTIN SANDERS negligently operated the 18-wheeler he was driving.

23. Such negligence includes but is not limited to his failure to keep a proper lookout, his failure to control his speed, and his failure to timely apply the brakes of the 18-wheeler, and collided with the rear of a 2015 Chevrolet being driven by Donald Hughes.

24. At the time of the impact between the 18 wheeler being driven by Defendant JAMES MARTIN SANDERS and Mr. Hughes' Chevrolet, Mr. Hughes' vehicle had been at a

complete stop due to heavy congested traffic ahead of him due to the roadway construction in the area.

25. The collision between the 18-wheeler and Mr. Hughes' vehicle, violently pushed Mr. Hughes' Chevrolet into the rear of the Subaru occupied CATHERINE BRICKEY, TIMOTHY DENICOLA and Txxxxx Bxxxxxx.

26. At the time of the impact between Mr. Hughes' vehicle and the Subaruu occupied by CATHERINE BRICKEY, TIMOTHY DENICOLA and Txxxx Bxxxxxx, CATHERINE BRICKEY'S Subaru had been sitting at a complete stop due to heavy congested traffic ahead of her due to the roadway construction in the area.

27. The impact to CATHERINE BRICKEY'S Subaru from Mr. Hughes' Chevrolet was so violent that the impact then propelled CATHERINE BRICKEY's Subaru forward, and into a 2014 Mazda being operated by Brittany Caron which had also been at a complete stop due to the heavy traffic congestion from the roadway construction.

28. At the time of the collision, Defendant JAMES MARTIN SANDERS was an employee, statutory employee, agent or representative of Defendant SD TRUCKING, and he was performing work for the benefit of Defendant SD TRUCKING at the time of this collision.

## CATHERINE BRICKEY'S BODILY INJURIES AND DAMAGES

29. As a result of this collision, Plaintiff CATHERINE BRICKEY has suffered significant and permanent bodily injuries and damages.

30. In particular, but not by way of limitation, Plaintiff CATHERINE BRICKEY suffered injuries to her head, contusions, headaches, and injuries to her neck, both shoulders, low back right hip and buttocks, right knee.

31. Further, the injuries CATHERINE BRICKEY has suffered have caused her to endure substantial physical pain, mental anguish, anxiety, fear, and have interfered with her normal activities of daily living.

32. The injuries sustained by CATHERINE BRICKEY has required reasonable and necessary medical treatment including surgeries, and in reasonable probability, will require additional future medical care.

33. Plaintiff CATHERINE BRICKEY has suffered and seeks the following damages:

    a. **Medical Expenses**: Plaintiff CATHERINE BRICKEY has incurred medical expenses which were reasonable and necessary care and treatment of these injuries. The charges incurred were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff will, in reasonable probability, incur medical expenses in the future;

    b. **Lost Wages and Loss of Earning Capacity**: Plaintiff CATHERINE BRICKEY has suffered a loss of earning capacity / lost wages in the past. In addition, Plaintiff CATHERINE BRICKEY will, in reasonable probability, also suffer a loss of earning capacity in the future;

    c. **Physical Pain and Suffering**: Plaintiff has endured severe physical pain and suffering in the past, and will, in reasonable probability, continue to endure severe physical pain and suffering in the future;

    d. **Mental Anguish**: Plaintiff has endured severe mental anguish in the past and will, in reasonable probability, continue to endure severe mental anguish in the future;

e. **Physical Impairment:** Plaintiff has suffered physical impairment in the past and will, in reasonable probability, continue to suffer physical impairment in the future;

f. **Scarring and Disfigurement**: Plaintiff has suffered scarring and disfigurement which are permanent in nature.

34. Further, CATHERINE BRICKEY is the natural parent and next friend of TIMOTHY DENICOLA and Txxxxx Bxxxxxx.

35. At the time of this collision, both TIMOTHY DENICOLA and Txxxxx Bxxxxxx were minors.

36. Since the date of the collision, TIMOTHY DENICOLA has become an adult having reached the age of 18 years of age.

37. CATHERINE BRICKEY also brings this lawsuit as the next friend of TIMOTHY DENICOLA during the time that he was a minor and on behalf of Txxxxx Bxxxxxx, a minor, to recover the reasonable and necessary medical expenses incurred on behalf of TIMOTHY DENICOLA while he was a minor and to recover the medical expenses incurred by Txxxxx Bxxxxxx, a minor, for the injuries they sustained in the collision which forms the basis of this lawsuit.

38. All of the above damages of CATHERINE BRICKEY were directly and proximately caused by the aforementioned negligence of Defendant JAMES MARTIN SANDERS, and were incurred without contributory negligence or assumption of the risk on the part of any of the Plaintiffs.

## TIMOTHY DENICOLA'S BODILY INJURIES AND DAMAGES

39. As a result of this collision, Plaintiff TIMOTHY DENICOLA has suffered significant and permanent bodily injuries and damages.

40. In particular, but not by way of limitation, Plaintiff TIMOTHY DENICOLA suffered injuries to his head and suffered a concussion and traumatic brain injury with associated symptoms of post-traumatic headaches, nausea, dizziness, attention difficulties, cognitive defects, depression.

41. In addition, TIMOTHY DENICOLA also sustained severe and permanent bodily injuries to his neck with pain radiating into both shoulders, as well as injuries to his back, pelvis, legs and causing injuries to his reproductive system.

42. The injuries TIMOTHY DENICOLA sustained in the collision have caused him to endure substantial physical pain, mental anguish, anxiety, fear, and have interfered with his normal activities of daily living and which will, in reasonable probability, continue to cause him to suffer substantial physical pain, mental anguish, anxiety and fear and which will substantially limit, impair, or interfere with his activities of daily living for the rest of his life.

43. Plaintiff TIMOTHY DENICOLA has suffered and seeks the following damages:

    a. **Medical Expenses**: Plaintiff TIMOTHY DENICOLA has incurred medical expenses which were reasonable and necessary care and treatment of these injuries. The charges incurred were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff TIMOTHY DENICOLA will, in reasonable probability, incur medical expenses in the future;

b. **Lost Wages and Loss of Earning Capacity**: Plaintiff TIMOTHY DENICOLA has suffered a loss of earning capacity / lost wages in the past. In addition, Plaintiff TIMOTHY DENICOLA will, in reasonable probability, also suffer a loss of earning capacity in the future;

c. **Physical Pain And Suffering**: Plaintiff TIMOTHY DENICOLA has endured severe physical pain and suffering in the past, and will, in reasonable probability, continue to endure severe physical pain and suffering in the future;

d. **Mental Anguish**: Plaintiff TIMOTHY DENICOLA has endured severe mental anguish in the past and will, in reasonable probability, continue to endure severe mental anguish in the future;

e. **Physical Impairment:** Plaintiff TIMOTHY DENICOLA has suffered physical impairment in the past and will, in reasonable probability, continue to suffer physical impairment in the future;

f. **Scarring and Disfigurement**: Plaintiff TIMOTHY DENICOLA has suffered scarring and disfigurement which are permanent in nature.

44. All of the above damages of TIMOTHY DENICOLA were directly and proximately caused by the aforementioned negligence of Defendant JAMES MARTIN SANDERS, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff.

## Txxxxx Bxxxxxx's BODILY INJURIES AND DAMAGES

45. As a result of this collision, Plaintiff Txxxxx Bxxxxxx has suffered significant and permanent bodily injuries and damages.

46. In particular, but not by way of limitation, Plaintiff Txxxxx Bxxxxxx suffered injuries to her head, including suffering from dizziness, confusion, nausea and vomiting and post traumatic headaches and injuries to her neck, back and leg.

47. Further, the injuries Txxxxx Bxxxxxx has suffered have caused her to endure substantial physical pain, mental anguish, anxiety, and have interfered with her normal activities of daily living.

48. Plaintiff Txxxxx Bxxxxx has suffered and seeks the following damages:

    a. **Medical Expenses**: Plaintiff Txxxxx Bxxxxx has incurred medical expenses which were reasonable and necessary for the care and treatment of these injuries. The charges incurred were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff will, in reasonable probability, incur medical expenses in the future;

    b. **Physical Pain and Suffering**: Plaintiff Txxxxx Bxxxxx has endured severe physical pain and suffering in the past, and will, in reasonable probability, continue to endure severe physical pain and suffering in the future;

    c. **Mental Anguish**: Plaintiff Txxxxx Bxxxxx has endured severe mental anguish in the past and will, in reasonable probability, continue to endure severe mental anguish in the future;

d. **Physical Impairment:** Plaintiff Txxxxx Bxxxxx has suffered physical impairment in the past and will, in reasonable probability, continue to suffer physical impairment in the future.

49. All of the above damages of Txxxxx Bxxxxx were directly and proximately caused by the aforementioned negligence of Defendant JAMES MARTIN SANDERS and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff.

**CLAIM FOR RELIEF**
**COUNT I**
**(NEGLIGENCE)**

50. The allegations set forth in the foregoing numbered paragraphs are incorporated herein. Defendant JAMES MARTIN SANDERS had a duty to act reasonably and use due care while driving a vehicle.

51. The negligence of Defendant JAMES MARTIN SANDERS includes but is not limited to:

   a. The failure to maintain a proper lookout;

   b. Driving while distracted;

   c. In driving while fatigued;

   d. Failure to timely apply the brakes of the vehicle being operated by Defendant JAMES MARTIN SANDERS;

   e. Failure to control his speed;

   f. Failing to maintain an assured clear distance when following another vehicle;

   g. Following a vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and traffic upon and the condition of the highway;

    h.      In failing to keep proper management and control of the vehicle he was operating as a person of ordinary prudence would have kept under the same or similar circumstances; and

    i.       In failing to inspect and to comply with Rules and Regulations for the operation of an 18-wheeler;

    j.      In failing to comply with legal requirements for the operation of a commercial motor vehicle; and

    k.     In failing to control the vehicle so as to avoid a collision

52. As a direct and proximate result of Defendant JAMES MARTIN SANDERS's negligent operation of the Freightliner 18-wheeler, each of the Plaintiffs herein sustained severe and permanent injuries and damages for which they sue.

**COUNT II**
**RESPONDEAT SUPERIOR**

53. Plaintiffs invoke the doctrine of *respondeat superior* against Defendant SD TRUCKING to hold Defendant SD TRUCKING liable for negligence of Defendant JAMES MARTIN SANDERS which proximately caused the occurrence and Plaintiff's damages which form the basis of this lawsuit.

54. At the time of the collision, and immediately prior thereto, Defendant JAMES MARTIN SANDERS was acting within the course and scope of employment or agency of Defendant SD TRUCKING.

55. Further, at the time of the collision, and immediately prior thereto, Defendant JAMES MARTIN SANDERS was acting in the furtherance of and engaged in accomplishing work for SD TRUCKING.

## COUNT III

## NEGLIGENCE OF DEFENDANT SD TRUCKING

56. Defendant SD TRUCKING was the owner or operator of the "commercial motor vehicle," being operated by Defendant JAMES MARTIN SANDERS at the time of the collision which forms the basis of this lawsuit.

57. As an owner or operator of such "commercial motor vehicle," Defendant SD TRUCKING was negligent and negligent per se in at least the following ways:

    a. In the negligent ownership and operation of a commercial motor vehicle;

    b. In failing to comply and to require compliance with compliance with applicable laws and regulations designed to promote the safe operation of such commercial motor vehicles;

    c. Failing to take reasonable care in the recruitment, selection and retaining of employees to operate its commercial motor vehicles; and

    d. Failing to act as a reasonable owner and operator of a commercial motor vehicle.

    e. Failing to properly hire, train and supervise its employees, agents and representatives.

58. The negligence of Defendant SD TRUCKING was a proximate cause of the collision and of Plaintiffs injuries and damages for which Plaintiffs hereby sue.

WHEREFORE, Plaintiffs demand judgment against each Defendant in an amount excess of $75,000.00, plus costs, pre-judgment interest, and post-judgment interest at the maximum rate allowed by law, and all further and such relief to which each Plaintiff is justly entitled.

/s/ Antoine G. Marshall
Antoine G. Marshall
SCV Law Firm
Bar Number: 44595
8601 Six Forks Road
Suite 400
Raleigh, NC 27615
Phone Number: 919.756.5656
Fax Number: 877.681.0034
Email: Antoine@scvfirm.com
Attorneys for Plaintiff

For Correspondence:
PO Box 12686
Dallas, TX 75225
